# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. CR 97-0638 RB

ANDREW POMPEY

    Defendant.

## MEMORANDUM OPINION AND ORDER

At issue before the Court is whether Defendant Andrew Pompey is eligible for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. Mr. Pompey was convicted and sentenced in 2000 for crack cocaine offenses, long before Congress enacted the Fair Sentencing Act of 2010 that mitigated the harsh treatment of such offenders. The Fair Sentencing Act's relief, however, was only prospective. Under the First Step Act, federal district courts may now retroactively apply the Fair Sentencing Act to reduce the sentences of offenders who were convicted prior to 2010 under then-existing mandatory minimum sentencing statutes. Relevant here, the Fair Sentencing Act raised the quantities of crack cocaine required to trigger sentences imposed pursuant to 21 U.S.C. §§ 841(b)(1)(A) and (B). The Fair Sentencing Act did not affect offenders sentenced pursuant to 21 U.S.C. § 841(b)(1)(C), the statute's "catchall" provision, which provides for a sentence of 0 to 20 years for any unquantifiable amount of drugs, because this section does not contain a mandatory minimum.

Because Mr. Pompey was indicted and convicted in part under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B), application of the First Step Act in this case would appear to be relatively straightforward. Complicating matters, however, is the fact that Mr. Pompey was convicted just before—and sentenced just after—the United States Supreme Court decided *Apprendi v. New*

1

*Jersey*, 530 U.S. 466 (2000). In accordance with the law at the time of his trial, the district court gave an instruction that allowed the jury to find Mr. Pompey guilty of the charged crimes without making any finding regarding a specific quantity of drugs. At that time, the district court judge determined drug quantity at sentencing. Because of the intervening *Apprendi* decision, however, counsel for both the Government and Defendant argued that the district court could not sentence Mr. Pompey over the maximum contained in 21 U.S.C. § 841(b)(1)(C)'s catchall provision—20 years—because the jury had not found drug quantity beyond a reasonable doubt. Then-Chief United States District Judge John E. Conway expressed some reluctance to extend *Apprendi* in such a manner, and he stated at the sentencing hearing that he believed the jury had passed on the issue of quantity based on the fact that the Indictment and the verdict form included quantities. Ultimately, though, he sentenced Mr. Pompey to the "statutory maximum" of 20 years for each count relevant to this motion. While he never mentioned 21 U.S.C. § 841(b)(1)(C), the Court finds that it is clear that Judge Conway based Mr. Pompey's sentence on the catchall provision.

Thus, although Mr. Pompey was *convicted* of violating Sections 841(b)(1)(A) and (B), he was *sentenced* under Section 841(b)(1)(C). Section 404 of the First Step Act specifies that it applies to offenders who received a *sentence* for a "covered offense"—that is, offenses including violations of Sections 841(b)(1)(A) and (B). As Mr. Pompey received a sentence for a violation of Section 841(b)(1)(C), he is ineligible for a sentence reduction under the First Step Act.

## I. Background

Mr. Pompey was indicted and went to trial on five counts: Count I, conspiracy to possess with intent to distribute 50 grams or more of a substance containing cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 860(a); Counts III and VI, distribution of more than 50 grams of a substance containing cocaine base in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A); Count V, distribution of more than 5 grams of a substance containing cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 860(a); and Count XVIII, possession with intent to distribute more than 500 grams of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. (*See* Docs. 421; 1; Presentence Report (PSR) at 1.[1]) In accordance with pre-*Apprendi* law, the jury received an instruction after trial that allowed it to find Mr. Pompey guilty without finding a specific quantity of drugs. (*See* Doc. 603-B (Jury Instructions[2]) at 28.) Jury Instruction 21 provided:

> The indictment alleges that the defendant conspired to possess with intent to distribute, distributed, and possessed with intent to distribute various amounts of cocaine base and cocaine. The evidence in the case need not establish that the amount or quantity of controlled substance was as listed in the Indictment, but only that a measurable amount of the controlled substances were in fact the subject of the acts charged in the Indictment.

(*Id.*) On February 4, 2000, the jury found Mr. Pompey guilty of all five counts. (*See* Doc. 421.)

The United States Probation Office (USPO) drafted a PSR using the November 1, 1998 edition of the United States Sentencing Guidelines Manual. (*See* PSR at 14.) Considering the 11.55 kilograms of cocaine base attributed to Mr. Pompey in the Indictment and in his PSR, the USPO calculated a base offense level of 38 with a one-level increase due to the fact that the offense occurred within a protected location, making the base offense level 39. (*See id.* ¶ 68.) The USPO calculated a two-level increase for the use of a firearm and a three-level aggravating role increase for a total offense level of 44. (*See id.* ¶¶ 69, 71, 74; *see also* Doc. 603-A at 36 (finding a three,

---

[1] All citations to the PSR are to the copy provided to the Court by the U.S. Department of Probation. The United States attached a copy of the PSR to its response brief. (*See* Doc. 635-3.)

[2] Due to the age of this case, neither the Jury Instructions nor the Sentencing Hearing Transcript are linked as documents on CM/ECF. (*See, e.g.*, Doc. 451.) However, Mr. Pompey requested a copy of both documents, the Court granted his request, and he attached the documents to an earlier motion. (*See* Docs. 494; 495; 603-A; 603-B.)

rather than a four-level role increase).) The PSR stated that Mr. Pompey was subject to the following penalties: for Counts I, III, and VI, a term of 10 years to life for each count; and for Counts V and XVIII, a term of 5 to 80 years for each count. (*See* PSR at 25.) Judge Conway sentenced Mr. Pompey to 20 years each for Counts I, III, VI, and XVIII, and to 40 years for Count V. (*See* Doc. 603-A (Sentencing Hr'g Tr.) at 36; *see also* Doc. 635-1 (Judgment).)

Mr. Pompey appealed his sentence, and the Tenth Circuit affirmed it. *See United States v. Pompey*, 264 F.3d 1176 (10th Cir. 2001). He filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Court denied. (*See* Docs. 487–89; 603–04.) He filed two motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which the Court also denied. (*See* Docs. 578; 586; 595; 602.) Mr. Pompey now moves, with the assistance of counsel, for a reduction in his sentence pursuant to Section 404 of the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act (the First Step Act), Pub. L. No. 115-391, 132 Stat. 5194 (2018). (*See* Docs. 627; 629; 632.) The USPO prepared a memorandum to assist the Court in determining whether Mr. Pompey is eligible for a sentence reduction under the First Step Act. (*See* Doc. 638.) Having reviewed the briefs, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

II.     **Mr. Pompey is not eligible for a sentence reduction under the First Step Act.**

Section 404 of the First Step Act makes Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, retroactive. *See United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 2192508, at *18, --- F. Supp. 3d --- (D.N.M. May 21, 2019). The relevant sections of the Fair Sentencing Act increased the amount of crack cocaine required to trigger mandatory minimum penalties as set out in 21 U.S.C. §§ 841(b)(1)(A) and (B). The Fair

Sentencing Act did not apply retroactively. *See id.* Section 404 of the First Step Act "makes the Fair Sentencing Act's sections 2 and 3 retroactive." *See id.* (citing First Step Act § 404).

To be eligible for relief under Section 404, a defendant must have both violated and been sentenced for a covered offense. *See* First Step Act § 404(a)–(b). The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ." *Id.* § 404(a). Relevant to Mr. Pompey's motion, covered offenses include violations of 21 U.S.C. §§ 841(b)(1)(A) and (B). *See Lewis*, 2019 WL 2192508, at *21. Therefore, if Mr. Pompey had been convicted of and sentenced under one of these sections, he would be eligible for a sentence reduction pursuant to the First Step Act. He was not.

While Mr. Pompey was *convicted* of violations of the relevant sections, he was not *sentenced* pursuant to their mandatory minimums. In 2000, section 841(b)(1)(A) provided a sentence of 10 years to life in prison for offenses involving at least 50 grams of crack, and section 841(b)(1)(B) provided a sentence of 5 to 40 years' imprisonment for at least 5 grams of crack. (*See* PSR at 25.[3]) If Judge Conway had sentenced Mr. Pompey according to sections 841(b)(1)(A) and (B), therefore, he would have been subject to statutory maximums of life and 40 years. Mr. Pompey's sentencing took a different path, however, because the Supreme Court decided *Apprendi* after Mr. Pompey's jury trial but before his sentencing hearing.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

[3] Mr. Pompey was also convicted of violating 21 U.S.C. § 860 in Counts V and XVIII, because the jury found he possessed the drugs within 1,000 feet of a school. (*See* PSR at 25.) This statute subjects offenders "to . . . twice the maximum punishment authorized by section 841(b)[,]" *see* 21 U.S.C. § 860(a), hence the computation of "5 to 80 years" instead of only "5 to 40 years" as provided for in section 841(b)(1)(B). (*See* PSR at 25.) This aspect of Mr. Pompey's sentence is not at issue.

5

submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Counsel for the Government (Mr. Peter Ossorio) and Mr. Pompey (Mr. Richard Winterbottom) and Judge Conway discussed *Apprendi* at length at the sentencing hearing. (*See* Doc. 603-A at 7–22, 30–31, 36.) Mr. Ossorio argued that because the jury had not found the quantity of drugs at issue beyond a reasonable doubt, Mr. Pompey's sentence "would be limited under . . . *Apprendi* to the statutory maximum not enhanced by a drug quantity, which would be" 20 years each for most of the counts, and 40 years where section 860 doubled the maximum punishment authorized. (*See id.* at 10; *see also* note 3 *supra*.) Mr. Ossorio never mentioned what statutory section dictated the 20-year maximums. (*See* Doc. 603-A at 10.) Mr. Winterbottom agreed that *Apprendi* applied and the Court was limited to the 0 to 20-year sentencing range. (*See id.* at 13–17 (stating that Mr. Pompey was "essentially . . . convicted of" a "C number" offense with a sentencing range of 0 to 20 years).)

Judge Conway disagreed with the attorneys' application of *Apprendi* to Mr. Pompey's case and initially stated that he was inclined to sentence him as if the jury had made a finding on the drug quantity. (*See id.* at 17, 19.) At the conclusion of the hearing, Judge Conway determined "with absolute certainty that the jury found beyond a reasonable doubt amounts of drugs necessary[ to] trigger the mandatory minimum sentence as required under 21 [U.S.C. §§] 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A)." (*Id.* at 36.) Having said that, however, Judge Conway went on to "conclude[] that the statutory maximums as to Counts I, III, VI and XVIII [were] 20 years[, and t]he statutory maximum as to Count V [was] 40 years." (*Id.*)

Mr. Pompey argues that no one mentioned section 841(b)(1)(C) at the sentencing hearing and it is not listed anywhere in the Indictment, the verdict, the PSR, or the Judgment. (*See* Doc. 637 at 3–4.) It is clear to the Court, however, that section 841(b)(1)(C) provides for a sentence of "not more than 20 years" where the government has not proven a quantifiable amount of crack.

6

*See, e.g.*, *United States v. Jones*, 235 F.3d 1231, 1233 (10th Cir. 2000) (noting that section 841(b)(1)(C) "defines penalties for offenses involving cocaine base without reference to drug quantity and authorizes a maximum term of imprisonment of twenty years"). Because Judge Conway sentenced Mr. Pompey to the "statutory maximum" of 20 years, the Court finds that he sentenced him pursuant to section 841(b)(1)(C). Because this section is not a "covered offense" as defined in the First Step Act, Mr. Pompey is not eligible for a sentence reduction. Consequently, the Court will **DENY** the Motion for Reduction in Sentence Pursuant to the First Step Act of 2018. (Doc. 627.)

**III.    The Court finds Mr. Pompey is eligible for a sentence reduction under Amendment 782.**

   **A.    Amendment 782 retroactively applies to Mr. Pompey's sentence.**

While Mr. Pompey did not request relief in the alternative, the Court finds that he is entitled to a reduction based on Amendments 782 and 788 to the Guidelines. "[A] court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quoting 18 U.S.C. § 3582(c)(2)). Amendment 782 is such an example. It went into effect "on November 1, 2014, and applies retroactively" via Amendment 788. *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015); *see also* U.S.S.G. § 1B1.10(d). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.'" *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)); subsequent citation omitted).

"Section § 3582(c)(2) creates a two-step process for courts considering sentence reductions." *United States v. Tarango*, No. CR 07-2443, 2015 WL 10401775, at *13 (D.N.M. Oct.

7

29, 2015). "First, courts must 'determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *Id.* (quoting *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010)). Second, "[i]f a reduction is authorized, the court may 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) (quoting *McGee*, 615 F.3d 1292). Proceedings under section 3582(c)(2) "do not constitute a full resentencing of the defendant" but only direct the Court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." *Battle*, 706 F.3d at 1317 (quoting U.S.S.G. 1B1.10(a)(3), (b)(1)).

When Judge Conway sentenced Mr. Pompey, his base offense level was 39 and total offense level was 44. As Judge Conway noted at the Sentencing Hearing, "pursuant to chapter 5, part A, application note 2, an offense level of [44] is treated as an offense level of 43[,]" which, with the criminal history category of III, results in a required guideline "sentence of life imprisonment . . . ." (Doc. 603-A at 36–37.) The Court sentenced Mr. Pompey to 20 years each as to Counts I, III, VI, and XVIII, and 40 years as to Count V (*see supra* at note 3), all to run consecutively for a total of 120 years. (*See* Doc. 454 at 3.)

After Amendment 782, Mr. Pompey's base offense level would be 36 with a one-level increase for protected location, a two-level increase for possessing a firearm, and a three-level aggravating role increase, making the total offense level a 42. (*See* Doc. 638 at 2 (citing U.S.S.G. §§ 2D1.1, 21.2(a)(2), 2D1.1(b)(1), 3B1.1(b)).) Considering "[a] total offense level of 42, combined with a criminal history category of III[,]" Mr. Pompey's guidelines sentencing range has been

reduced to 360 months to life. (*Id.*) The Court finds, therefore, that Mr. Pompey is eligible for a reduction in his sentence.

### B. Considering the § 3553(a) factors, the Court will reduce Mr. Pompey's sentence.

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). The Court may also consider any prison misconduct. *See Tarango*, 2015 WL 10401775, at *30.

Judge Conway found that the Court was required to sentence Mr. Pompey to life imprisonment. (Doc. 603-A at 37.) After application of Amendment 782, the sentencing range is now 360 months to life. *See* U.S.S.G. § 2D1.1(c). While Judge Conway's sentence of life would be acceptable in the current guidelines range, the Court finds that, after examining the section 3553(a) factors, it is appropriate to reduce the sentence.

The Court considers the same factors that Judge Conway did when he originally sentenced Mr. Pompey. Importantly, the Court now considers that one of the stated purposes of Amendment 782, which reduced by two levels the offense levels assigned to certain quantities of drugs resulting in lower guidelines sentencing ranges for offenders, was to help "alleviat[e] the overcapacity of the federal prisons." *See* Amendment to the Sentencing Guidelines, at *2 (July 18, 2014).[4] Mr. Pompey's sentence falls within those impacted by Amendment 782.

Mr. Pompey argues that his offenses were non-violent and that he "was not a drug kingpin. Thus, the nature and circumstances of the offenses counsel in favor of a less severe sentence."

---

[4] A PDF of this document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf.

(Doc. 632 at 11.) He also asserts that he has renewed his faith in God, attends church every Sunday and leads a men's prayer group, and is attempting to mentor younger inmates. (*See id.* at 11–12.) Further, he has completed training programs in Responsible Thinking, Personal Growing, Employment, and Health/Nutrition, and he is working toward obtaining his GED.[5] (*See* Doc. 638 at 3.) All of this Mr. Pompey has done despite facing a life sentence.

Upon his release, Mr. Pompey plans to "live near his adult daughter and his seven-year-old grandson[,]" join a church, and volunteer with young people to help them make responsible life choices. (*See id.* at 14.) As a native of St. Croix, Mr. Pompey enjoys cooking a variety of dishes and hopes to work as a cook, someday opening his own restaurant. (*See id.* at 12, 14.) Mr. Pompey has been inspired by the success stories of several other inmates released from prison, including a co-defendant in this matter who has since established an art career. (*See id.* at 12.)

The Court also takes note of the several sanctions Mr. Pompey has incurred while imprisoned, the most troubling of which is a recent violation in 2018 for possession of narcotics. (*See id.* at 3.)

Ultimately, the Court finds that, given the nature of Mr. Pompey's offense, his background and criminal history, and his conduct in prison, he is eligible for a reduction in his sentence as follows: the Court will impose a sentence of 180 months each for Counts I, III, VI, and XVIII, and 360 months for Count V, all sentences to run concurrently. This sentence adequately punishes Mr. Pompey's illegal conduct while serving as a deterrent and protecting the public.

The Court directs Mr. Pompey to continue improving his chances at a successful transition out of prison by completing his GED and other educational and vocational programs available to

---

[5] Mr. Pompey lists a variety of other programs he states that he has completed that were not included in the USPO memorandum, including English proficiency, sports rules, intermediate calisthenics, and re-entry seminars. (Doc. 632 at 11.)

him, and by seeking out drug and alcohol counseling (through a 12-step program or otherwise) while he is incarcerated. The Court also encourages Mr. Pompey to keep his faith and serve as a role model for others. It is the undersigned's hope that Mr. Pompey will prove to be another success story after his release from prison.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Reduction in Sentence Pursuant to the First Step Act of 2018 (Doc. 627) is **DENIED**; and

**IT IS FURTHER ORDERED** that Mr. Pompey shall be **RESENTENCED** in accordance with this Opinion.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE